**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0031-18T2

ELLA E. JACOB and ZIV JACOB,
her husband,

     Plaintiffs-Appellants,

v.

MARLBORO GASTROENTEROLOGY,
PC, PREMIER BUILDING SERVICES,
INC., PREMIER BUILDING SERVICES
LIMITED LIABILITY COMPANY, and
PREMIER BUILDING SERVICE
LIMITED, INC.,

     Defendants-Respondents.

_____

Argued October 2, 2019 - Decided October 23, 2019

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4159-16.

Theresa McGuire argued the cause for appellants (Law Office of Herbert I. Ellis, PC, attorneys; Theresa McGuire and Jonathan A. Ellis, on the briefs).

William F. Waldron argued the cause for respondent Marlboro Gastroenterology PC (Marshall Dennehey Warner Coleman & Goggin, attorneys; William F. Waldron, of counsel; Patricia M. McDonagh, on the brief).

Felicia Gretchen Smith argued the cause for respondent Peter Garbera d/b/a Premier Building Services (Law Office of Linda S. Baumann, attorneys; Felicia Gretchen Smith, of counsel and on the brief; Jessica Kim, on the brief).

PER CURIAM

Plaintiffs Ella E. Jacob (Jacob) and her husband Ziv Jacob appeal from the trial court's order granting summary judgment dismissal of their slip-and-fall complaint. While working for a medical practice, Jacob slipped on a hallway floor on her way to retrieve medicine for one of the physicians. Defendant Marlboro Gastroenterology, PC (Marlboro), leased the space to Jacob's employer. Defendant Peter Garbera operated the company, Premier Services, which cleaned the floor.[1]

Having considered plaintiffs' arguments in light of the record and applicable principles of law, we affirm summary judgment for Garbera, because plaintiffs failed to present sufficient evidence of negligence. But, we reverse

---

[1] Plaintiffs' complaint identified Garbera's company by various corporate names, but it apparently is a sole proprietorship. We therefore refer to Garbera as defendant.

A-0031-18T2

summary judgment for Marlboro, because plaintiffs presented sufficient evidence, albeit disputed, that Marlboro was on notice that the floor was dangerously slippery, but failed to remediate the condition.

We view the facts in a light most favorable to plaintiffs as the non-moving parties. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). According to Jacob, the hallway where she slipped and fell had been noticeably slicker than usual for several days. One of the patients complained to Jacob that she slipped and nearly fell. Jacob told Sandy O'Brien, the assistant to Marlboro's office manager, that the floor was dangerous and may have been over-waxed. O'Brien assured Jacob she would inform her boss, Sarah Weiner.

Then, a physician also complained about the floor, prompting Jacob to speak to Weiner herself. She told her that "somebody will get hurt here," noting that two people had already complained. Weiner said she would bring it to the cleaner's attention.

The condition of the floor was unchanged when Jacob herself slipped and struck her shoulder on a scale as she fell to the floor. Plaintiffs alleged that Garbera and Marlboro negligently created, allowed, or maintained the dangerous condition of the floor. They alleged that Jacob was a business invitee.

A-0031-18T2

In depositions, Weiner and Garbera recalled no complaints about the floor. Although Garbera did not personally supervise or inspect the work of his employees, he asserted that his crews cleaned, but did not wax the floors at Marlboro. He did not keep or maintain records of the persons assigned to clean around the time of Jacob's complaints, or of the products they used.

In support of defendants' motions for summary judgment, they argued that plaintiffs failed to establish there was a dangerous condition. Defendants argued that plaintiffs lacked evidence proving the floor was over-waxed, or identifying what made the floor slippery. They also contended plaintiffs needed an expert to establish that the condition of the floor was hazardous, or deviated from reasonable standards of care.

The trial judge agreed that plaintiffs failed to marshal proof that the floor was over-waxed, to identify the substance or cause of the slippery condition, or to present an expert to establish a breach of reasonable standards of care in the application of cleaning products. That failure doomed plaintiffs' complaint. The court observed that one may not infer negligence solely from the fact of an accident, in this case, a slip and fall. The court also held that the doctrine of res ipsa loquitur did not apply.

4

Reviewing the trial court's order de novo, applying the same summary judgment standard as it did, see Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010) (describing standard of review), we conclude, as did the trial court, that Garbera is entitled to judgment as a matter of law; but we reach the opposite conclusion as to Marlboro. See Brill, 142 N.J. at 528-29 (setting forth summary judgment standard under R. 4:46-2).

Turning first to the claim against Garbera, plaintiffs failed to meet their burden to prove negligence by presenting evidence that, among other things, Garbera breached a duty of care. See Townsend v. Pierre, 221 N.J. 36, 51 (2015) (identifying four elements of a negligence claim: duty of care, breach of the duty, proximate cause, and actual damages); Khan v. Singh, 200 N.J. 82, 91 (2009) (stating that a plaintiff ordinarily bears the burden to prove negligence). Although plaintiff contends the floor was over-waxed, she did not observe the wax, nor provide any other proof the floor was waxed. The evidence "is so one-sided that [Garbera] must prevail as a matter of law" on the claim that his employees negligently treated the floor. See Brill, 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

Nor does the doctrine of res ipsa loquitur salvage plaintiffs' claim against Garbera. See Khan, 200 N.J. at 91 (stating that negligence may be inferred under

5

the doctrine where "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect"). Slipping on a floor does not, without more, bespeak negligence. See Overby v. Union Laundry Co., 28 N.J. Super. 100, 105 (App. Div. 1953). Furthermore, Garbera did not have exclusive control of the floor. The medical practices and their employees exercised a measure of control. In sum, Garbera was entitled to summary judgment.

We reach a different conclusion as to Marlboro. Plaintiffs claim not that Marlboro negligently created the slippery condition, but that Marlboro negligently ignored it after Jacob brought it to O'Brien's and Weiner's attention. Marlboro acknowledges that it owed a duty of care to Jacob, as a business invitee. See Brown v. Racquet Club of Bricktown, 95 N.J. 280, 290-91 (1984). "A proprietor generally is not liable for injuries caused by defects of which he had no actual or implied knowledge or notice, and no reasonable opportunity to discover." Id. at 291. However, actual knowledge may be established by prior accidents, see Bohn v. v. Hudson & Manhattan R. Co., 16 N.J. 180, 186 (1954), or prior complaints, see Shipp v. Thirty-Second St. Corp., 130 N.J.L. 518 (E. & A. 1943).

6

Granting plaintiffs all favorable factual inferences, Marlboro was on notice, before Jacob's accident, that the floor was dangerous. Although plaintiffs were obliged to present proof about the origin of the slippery condition in order to hold Garbera liable for it, plaintiffs had no similar obligation with respect to Marlboro. It was enough that Marlboro was on notice of the dangerous condition, however caused, because Marlboro, as the premises owner, was obliged to remediate it.

Once notified, Marlboro did nothing. "Negligence may consist of entire inaction." Bohn, 16 N.J. at 186. Plaintiffs presented sufficient evidence that the floor was dangerous. Before Jacob's accident, two people aside from Jacob complained the floor was unusually slick and dangerous. One person momentarily lost her balance but caught herself. Jacob twice spoke to Marlboro employees.

Plaintiffs were not required to present expert testimony regarding the co-efficient of friction on the floor, or otherwise establish that the floor did not satisfy some prevailing technical standard. It is enough, under our case law, for a plaintiff to establish that a floor was unusually slippery, and that the premises owner was placed on notice of that through the complaints or prior mishaps of others.

A-0031-18T2

In <u>Shipp</u>, the Court of Errors and Appeals affirmed a plaintiff's verdict, based in part on evidence of prior complaints that a department store floor was unusually slippery:

> In view of the nature of the proof in this case concerning the extent of the condition of the floor of defendant's premises, from which it might be fairly concluded that it was beyond the scope of the ordinary condition of even polished floors in such premises, the experience of not only the plaintiff, but other patrons of the store, with respect to traversing the floor under the same condition, the fact that by complaint notice had been previously brought home to the defendant, the state of the case at the close of the presentation of the plaintiff's evidence was such that the trial judge might not take away from the jury the question of whether or not the defendant was negligent and the question of proximate cause.
>
> [<u>Shipp</u>, 130 N.J.L. at 522–23.]

In <u>Sherwood v. Miles Shoes of Toms River, Inc.</u>, 54 N.J. Super. 129, 135-36 (App. Div. 1959), we distinguished <u>Overby</u>, and held that the defendant was not entitled to dismissal of a slip-and-fall claim. We highlighted the proofs that the assistant store manager noticed the floor was slippery after it was waxed the

8

previous evening; customers complained; and one employee slipped before the plaintiff did. Id. at 136. No expert testimony was evidently introduced.[2]

In sum, Marlboro was not entitled to summary judgment dismissal of plaintiffs' complaint.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Although we noted that the plaintiff in Bohn presented an expert, see Bohn v. Hudson & Manhattan R. Co., 30 N.J. Super. 89, 95 (App. Div.), aff'd, 16 N.J. 180 (1954), the Supreme Court did not mention the expert, let alone state that an expert witness's testimony was essential; rather, the Court affirmed the plaintiff's verdict on the basis of testimony by various witnesses that the stair upon which the plaintiff slipped was "all slippery," "like a piece of stainless steel," and "almost like a sheet of glass." 16 N.J. at 189.

A-0031-18T2